UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO: 3:19-cr-00254-KAD |
| v. | : | |
| MICHELLE GSCHLECHT | : | March 29, 2021 |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States respectfully submits this sentencing memorandum in support of a sentence of 120 months' imprisonment, in accordance with the terms of the plea agreement[1] and a lifetime term of supervised release because it is sufficient, but not greater than necessary to achieve the goals of sentencing.

### Factual Background

The Pre-Sentence Report ("PSR") fully details the defendant's criminal history, which includes several convictions involving crimes against children and a significant pattern of noncompliance with both the conditions of confinement and the terms of release. PSR at ¶¶38-42. These include, but are not limited to:

- 1992 conviction for Sexual Assault in the Fourth Degree involving inappropriate contact with an 8-year-old child resulting in a sentence of one year of imprisonment.

---

[1] During the remote plea hearing, the defendant signed a plea agreement that contained the watermark, "draft" along the first page. This error was first noticed when the executed plea agreement was returned to defense counsel. The parties conferred and agree that the substance of the "draft" plea agreement signed by the defendant is the same as the document reviewed with the Court during the hearing. The Government requests the Court to review this issue with the defendant and ensure her understanding that the "draft" agreement she signed was, in fact, the final agreement and is the operative document, prior to the imposition of sentence.

1

- 1996 convictions for Sexual Assault in the First Degree and Risk of Injury involving the sexual assault of two children.  The defendant received an effective sentence of 15 years' imprisonment, 7 years to serve and fifteen years' probation.

- 2004 conviction for violating probation for possession of computers and children's clothing and furniture in violation of the conditions of her release.  The defendant received a sentence of 7 years' and 33 years' probation.

- 2010 conviction for violating probation by accessing computer websites that depicted child pornography.  One year of imprisonment.

- 2015 conviction for Possession of Child Pornography in the First Degree.  The defendant received a sentence of 10 years' custody, with five years to serve and 10 years' probation.

On March 12, 2019, the defendant began her ten-year term of probation.  Less than four months' later, on July 30, 2019, the State of Connecticut Office of Adult Probation received a tip from another individual under state supervision who admitted that he had viewed child pornography with Michelle Gschlecht, while frequenting the New Haven Green and a local Starbucks.  PSR at ¶ 8.

Pursuing this tip, a probation officer observed Gschlecht at the New Haven Green with an adult male companion on July 31, 2019.  The officer observed Gschlecht holding a smart phone in her hand.  Gschlecht initially denied ownership of the phone and instead claimed that it belonged to her male companion.  PSR at ¶ 9.  However, after this brief denial, Gschlecht admitted that she owned the phone.  *Id.*  The officer's inspection – and the subsequent forensic analysis -- confirmed that the phone contained personal images of Gschlecht—as well as suspected child sex abuse material.  *Id.*

In other words, at the time the defendant committed this offense, not only was she engaging in the same conduct for which she had just recently completed a five-year term of imprisonment, but she was doing so while serving a ten-year term of probation—the conditions of which barred unauthorized access to the internet, possession of sexually explicit or sexually stimulating material, and possession of a camera, camera phone or any device with the capability of recording.

A forensic analysis later conducted by the CT Division of Scientific Services discovered the use of a secure web browser app called "Kode" and a total of 174 images of suspected child pornography saved on Gschlecht's phone. The National Center for Missing and Exploited Children ("NCMEC") confirmed that 43 of the 174 images depicted known minors. PSR at ¶¶ 10, 11. Some of these images featured the indescribable horror of the rape of pre-pubescent children and infants. PSR at ¶ 12.

## The Plea Agreement and Presentence Report

The Government agrees that the PSR presents an accurate sentencing guidelines calculation and that the parties' contemplated guideline range inadvertently omitted the two levels for images involving children under the age of 12. The Government requests that the Court to grant a downward departure under *United States v. Fernandez*, 877 F.2d 1128 (2d Cir. 1989) in order to give effect to the parties' plea agreement. In addition, the Government requests the Court to impose a life-time term of supervised release and a restitution amount of $6,000.[2]

---

[2] Two victims submitted restitution requests in this case. The victims, through their counsel, have each agreed to accept an award of $3,000.

## Analysis of the Section 3553(a) Factors

Title 18, United States Code, Section 3553(a) instructs a sentencing court to consider, in determining the sentence to be imposed, both the nature and circumstances of the offense and the history and characteristics of the defendant. In addition, the court shall consider the need for the sentence imposed –

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2 and the kinds of sentences and sentencing ranges available. *Id* at § 3553(a)(3)-(4). In the Government's view, the factors listed below are the most significant when determining an appropriate sentence in this case.

## The Nature and Circumstances of the Offense

The circumstances of defendant's offense involved the defendant's knowing possession of child pornography while serving a term of probation for the same crime. As part of the nature of the offense, it is appropriate for the Court to consider that the defendant was aware that photos in her possession depicted the sexual abuse of prepubescent children and infants—and that the defendant, in defiance of the terms of her probation—openly shared these images with at least one other known sex offender.

### **The History and Characteristics of the Defendant**

The defendant has a lengthy history of incarceration, interspersed by sporadic periods of employment. As the defendant herself notes, her history contains an extensive prior record of sex-related offenses: most significantly, a 1995 contact offense for which Gschlecht was convicted of first-degree sexual assault in violation of Conn. Gen. Stat. § 53a-70.

The Government agrees that the defendant's mental health and emotional condition are appropriate factors for the Court's consideration as part of the defendant's history and characteristics. The Government does not agree that these conditions are present to a degree that warrants a departure under U.S.S.G. § 5H1.3.

### **The Seriousness of the Offense and Specific Deterrence**

There can be no reasonable dispute that possession of child pornography is an abhorrent offense under any circumstances and, even more so when, as here, the images are in the possession of an individual who has prior convictions for the sexual assault of a child and possession of child pornography.

It is true, as defendant notes in her sentencing memorandum, that Congress has made a series of amendments the child pornography laws and sentencing guidelines.  As the Sixth Circuit recently noted, "Over the years, Congress has made a series of amendments to child pornography laws, by reducing the number of images needed for conviction, increasing the statutory maximum term, and applying an enhancement based on the number of images in possession... ***Congress understands that child pornography is a serious crime.***" *United States v. Schrank,* 975 F.3d 534, 536 (6th Cir. 2020) (emphasis added) (internal citation omitted).

"Child pornography is an 'abhorrent offense' that 'scars the children affected forever.'"

*United States v. Niezen,* 834 Fed. App'x 533 (11th Cir. 2020) (quoting *Schrank,* 975 F.3d at 536).

> It robs its victims of their childhood and innocence and burdens them with "concrete and devastating harms"—harms that are amplified with every new download. *Paroline v. United States,* 572 U.S. 434, 457, 134 S. Ct. 1710, 188 L. Ed. 2d 714 (2014). After all, each new perpetrator contributes to the victims' "anguish" and "plays a part in sustaining and aggravating" the tragedy.

*Niezen,* 834 F3d. App'x at 534. By possessing images of young children being raped, Gschlecht contributed to their victimization. This truth is irrefutable when considering the words of the very children whose images Gschlecht possessed.

- "J" -- "I'm 18 now and so I am writing this to have my own voice in my victimization when I was a child. I was only seven when my predator began molesting me and photographing me. It went on for two years before they found him on the internet sending pictures of me to men. … I worry about the pictures of me that are out there and I hate that others see them. I have feared over the years that someone would recognize me in public. I wish only that every single one can be found and destroyed someday. It is upsetting thinking about them and I want them to go to jail for doing it…."
- "T" --"Every time someone views this trash, he is once again making me re-live the most horrific part of my childhood. I can never truly heal because the perpetrators and stalkers never allow me to do so. Anyone viewing these videos/pictures is just as guilty for causing me or any other exploited child undue harm, unneeded stress and insecurity in a time when we need to feel safe and have a chance to heal/recover."
- "P's mother" "My child's life has been changed forever. She is very aware of the images and videos that were produced and distributed online. She is aware of the seriousness and vastness of this crime… She is embarrassed and humiliated, knowing that images that portray her in a sexual manner are available for others to see. She is afraid, as am I, that she will be recognized by those who have downloaded the images….She doesn't want to be defined as a victim, but she cannot escape her victimization, and she can never put it in the past, because it is ongoing… I stand here broken-hearted for my child. As the parent, I am devastated. How will this crime affect her future? My own mind can't even comprehend why an individual would seek to possess, distribute and watch images of my child being abused…."

Although the defendant's sentencing memo argues that her present offense does not suggest any involvement or risk of contact with a minor, and denies that it is part of an "escalating

pattern of conduct," the timing of Gschlecht's relapse into old behaviors—mere months into a ten-year term of probation – and with a suspended sentence hanging over her head—is a troubling factor that indicates a need for specific deterrence.  Def's Sentencing Mem at 10.

### Respect for the Law and General Deterrence

The possession of child pornography is, by its very nature, conducted in secret and difficult to detect. The Court's sentence should raise awareness that knowing possession of child pornography will result in a substantial term of incarceration

### Supervised Release and Fine

The Government requests the Court to impose a lifetime term of supervised release following any the term of imprisonment.  Gschlecht's significant and persistent criminal history and probation violations provide further evidence that supervision is necessary—if not for the defendant's rehabilitation, than for the safety of the community.   The Government agrees that the defendant will benefit from mental health treatment.  Def.'s Sentencing Mem. at 13-14.

## Conclusion

For the foregoing reasons, the Government requests that the Court sentence the defendant to a term of incarceration that is sufficient, but not greater than necessary, to comply with the sentencing factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

LEONARD C BOYLE
ACTING UNITED STATES ATTORNEY

*Nancy V. Gifford*

NANCY V. GIFFORD
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct16324
450 Main Street, Room 328
Hartford, CT 06103
(860) 947-1101

## CERTIFICATION OF SERVICE

I hereby certify that on March 29, 2021 a copy of the foregoing Sentencing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*Nancy V. Gifford*

Nancy V. Gifford
Assistant United States Attorney